## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DOREEN L. HUSKEY,** | ) | **CASE NO. 4:07CV3253** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of the Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Plaintiff, Doreen L. Huskey ("Huskey"), seeks review of a decision by the Defendant,

Michael J. Astrue, the Commissioner of the Social Security Administration ("SSA"), denying

her application for disability benefits under Title XVI of the Social Security Act ("Act"), 42

U.S.C. §§ 1381 *et seq.*  In this judicial review, the court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision.

*See* 42 U.S.C. § 405(g).  Upon careful review of the record, the parties' briefs, and the law,

the Court concludes that the ALJ's decision denying benefits is supported by substantial

evidence on the record as a whole.  Therefore, the Court affirms the Commissioner's

decision.

### PROCEDURAL BACKGROUND

On March 3, 2004, Huskey filed an application for disability benefits under Title II

and Title XVI of the Act (Tr. 64-66 & 881-884).[1]  Her application was denied initially on

June 16, 2004 (Tr. 37-40), and again on reconsideration on September 24, 2004 (Tr. 33-

---

[1]Although Huskey initially filed for benefits under both Titles II and XVI, this court is only reviewing the
Commissioner's denial of benefits under Title XVI.  Huskey amended her onset date to September 30, 2004,
at the hearing (Tr. 902) and moved her onset date past the date last insured, resulting in the dismissal of her
Title II claim.

40).   On July 18, 2006, following the hearing, the Administrative Law Judge ("ALJ") concluded that Huskey was not under a "disability" as defined by the Act (Tr. 16-28).   On August 24, 2007, the Appeals Council of the SSA denied Huskey's request for review (Tr. 7-9).   Thus, the decision of the ALJ stands as the final decision of the Commissioner.

Doreen L. Huskey was born in 1968.   She received a high school education, followed by an additional year at a cosmetology school in Omaha, Nebraska (Tr. 881, 904). She has past relevant work as an inserting machine operator, envelope stuffer, and dietary aide (Tr. 930).   However, she has not worked since November 2004 (Tr. 126).   Gail Leonhardt, a vocational expert, testified at the hearing that Huskey could perform her past relevant work as an inserting machine operator, mail clerk, and dietary aide (Tr. 931).   In addition, the vocational expert testified that Huskey could perform the jobs of housekeeping cleaner, dishwasher, production helper, and food line assembly worker–jobs that exist in significant numbers in the national economy (Tr. 931-32).

Huskey has a long history of polysubstance abuse and mental illness, including numerous hospital admissions and a number of different diagnoses (Tr. 321-23, 352-352A, 394-95, & 437-38).   Huskey's past diagnoses include major depression; recurrent, bipolar affective disorder; mixed mania; post traumatic stress disorder ("PTSD"); cocaine dependence; and adjustment disorder with disturbance of conduct and emotion.   In November of 2001, she underwent a psychological evaluation and was diagnosed with recurrent major depression; recurrent, rule out bipolar; and antisocial traits (Tr. 321).

In March of 2003, Huskey was admitted to and received treatment at the Lydia House (Tr. 390). While in treatment, she complained of anxiety, insomnia with nightmares, poor concentration, and racing thoughts (Tr. 390).   At that time, her diagnosis consisted

of mood disorder, not otherwise specified ("NOS"); polysubstance dependence; PTSD; personality disorder; and NOS with borderline and anti-social traits (Tr. 392). She was then hospitalized on May 3, 2003, for suicidal ideation (Tr. 354). Upon admission, she tested positive for cocaine, amphetamines, and benzodiazepines (Tr. 354). She was hospitalized once again on August 8, 2003, at Douglas County Mental Health Center, after becoming suicidal and complaining of auditory hallucinations (Tr. 394). She was treated and discharged on August 21, 2003, with the diagnoses of an adjustment disorder with disturbance of conduct and emotion, rule out bipolar affective disorder, borderline intellectual functioning, hepatitis C positive, and a history of postpartum depression (Tr. 394).

On April 27, 2004, Huskey underwent a psychological evaluation performed by a consultative physician, Dr. A. James Fix, Ph.D. (Tr. 411). She reported a history of physical and sexual abuse as a child, as well as a history of drug use and incarcerations (Tr. 412). Dr. Fix diagnosed Huskey with bipolar disorder, rule out PTSD, and borderline personality disorder (Tr. 415).

In July 2004, Huskey attempted an overdose on her Lithium and was taken to Creighton University Medical Center (Tr. 437). Following treatment in the Emergency Room, she was transferred to Douglas County for inpatient treatment on July15, 2004 (Tr. 438). On July 22, 2004, she was discharged and diagnosed with bipolar affective disorder; depressed, PTSD; cocaine dependence with recent relapse; and personality disorder, NOS (Tr. 561-562). She was later readmitted on July 31, 2004, and tested positive for cocaine (Tr. 566). She was treated and discharged on August 9, 2004, and advised to follow up

3

with treatment at NOVA (Tr. 566-67). She was doing well until she relapsed and once again became suicidal (Tr. 573).

On September 30, 2004, an Order was entered before the County Board of Mental Health in which Huskey was adjudged mentally ill and ordered to be held in the custody of Douglas County Community Mental Health Center under the care of Dr. Amy Schuett, MD (Tr. 531). On October 27, 2004, she was transferred to Norfolk Regional Center to undergo dual diagnoses treatment (Tr. 585-86). While at Norfolk Regional Center, Huskey saw her treating physician, Dr. Sherwin, and Diane Schumacher, her Physician's Assistant (Tr. 660). Under their supervision, she underwent treatment and her condition generally improved (Tr. 585-90). Despite this marked improvement, however, Huskey continued to experience depressive symptoms periodically (*e.g.,* Tr. 663). In March 2005, she was hospitalized at the Crisis Center after having thoughts of self-harm (Tr. 666). She complained of crying all the time, fatigue, and disinterest in doing daily activities (Tr. 653). She also described difficulties at night with racing thoughts, an inability to sleep (Tr. 668), and some dissociative episodes during which she could not remember information (Tr. 663).

In contrast, the record also indicates that Huskey's condition improved under the supervision of Dr. Sherwin and Diane Schumacher. In June 2005, Huskey reported to Dr. Sherwin that she had a significant improvement in her mood and she felt "great" (Tr. 660). She also reported an improvement in her energy (Tr. 660). She reported no longer having tearfulness or difficulties with feelings of hopelessness, helplessness, or thoughts of harm to herself or others (Tr. 660). On July 11, 2005, Dr. Sherwin noted that Huskey was able to tend to her activities of daily living (Tr. 658). Huskey denied any difficultly with racing or

slowed thoughts (Tr. 657).  On August 29, 2005, she described her mood as stable and denied that she had any symptoms of depression since her last appointment (Tr. 656).

In October 2005, however, Huskey requested an increase in her medication because she had some feelings of depression when discussing the possibility of moving out of the group home, yet she maintained that she was doing fairly well (Tr. 653).  In November 2005, Huskey reported that she was "better" and "happier" (Tr. 722).  She denied feelings of helplessness, hopelessness, anxiety, or panic (Tr. 722).

On November 21, 2005, Dr. Sherwin and Diane Schumacher completed a Mental Impairment Evaluation and a Medical Statement of Ability to do Work-Related Activities (Tr. 550).  On the form they indicated that some of Huskey's abilities to adjust to work would be poor and they indicated that she was limited in several areas; they concluded that Huskey's maximum total workday would be less that 3 hours and she could only perform competitive employment 0-3 days per week (Tr. 547-553).

In December 2005, Huskey reported to Norfolk Regional's Staff Psychiatrist, Dr. O'Neill, MD, that she felt "wonderful" (Tr. 720).  She denied any symptoms of depression and said she was sleeping well (Tr. 720).  Huskey was then discharged from the Norfolk Regional Center on December 27, 2005, with a diagnosis of major depressive disorder, recurrent severe without psychotic features, PTSD, cocaine dependence with physiological dependence, cannabis dependence with physiological dependence in sustained full remission, methamphetamine dependence with physiological dependence in sustained full remission, borderline personality disorder, and antisocial personality disorder (Tr. 585).

Huskey continued outpatient treatment with Dr. O'Neill (Tr. 710).  In January 2006, Huskey continued to report that she was doing well and had started a babysitting job; yet

5

she was unable to self-manage her medications and needed assistance in determining

which of her medications she would need to refill at the pharmacy and when they should

be refilled (Tr. 708-16).  Finally, on February 9, 2006, Huskey indicated that she was not

having any difficulties with concentration or problems with racing thoughts, but was having

difficulty sleeping at night (Tr. 706).

### ALJ's Findings

After carefully considering the testimony and exhibits presented at the hearing, the

ALJ concluded that Huskey was not "disabled," as defined by the Act (Tr. 20).   In

accordance with 20 CFR § 404.1520 and 20 CFR § 416.920, the ALJ began her analysis

by first inquiring whether Huskey had any current work activity.  She determined that

Huskey had not had any gainful work activity since the onset of her claimed disability, in

January of 1990 (Tr. 27).   The ALJ next concluded that Huskey had several medical

impairments which imposed more than a slight limitation on Huskey's ability to function,

including: bipolar disorder, dissociative disorder, PTSD, obesity, diabetes type II, and

polysubstance abuse[2] (Tr. 27).  Yet the ALJ found that Huskey's "medically determinable

impairments, either singly or collectively, have not revealed the same or equivalent

attendant medical findings as are recited in Appendix 1 to Subpart P of the Social Security

Administration's Regulations No. 4" (Tr. 27).

In reviewing the record, the ALJ noted that when Huskey was "not under the

influence, she is a very capable individual," as the record "indicates that her I.Q. is 101" (Tr.

---

[2] The ALJ did not consider Huskey's diagnosis of polysubstance abuse in determining whether Huskey qualifies as having a "disability" under the Act because while Huskey's "polysubstance abuse materially contributes to disability in this case, . . . pursuant to the Regulations [a polysubstance abuse diagnosis] cannot be a basis for a finding of disability" (Tr. 27).

25).  The ALJ evaluated the Mental Impairment Evaluation and a Medical Statement of Ability to do Work-Related Activities forms completed by Dr. Sherwin and Diane Schumaker (dated November 21, 2005), and she concluded that they were not entitled to "significant weight to the extent that they would indicate that the claimant is disabled and precluded from all work activity" (Tr. 26).  The ALJ declined to give Dr. Sherwin's testimony substantial weight because "[h]is progress notes indicate that [Huskey] has had significant improvement and they do not support the indication on the checklist that [Huskey's] conditions were disabling" (Tr. 26).

Furthermore, the ALJ determined that Huskey maintained the residual functional capacity necessary for performing her past relevant work as: an insert machine operator, a mail clerk, and a dietary aide (Tr. 27).  The ALJ noted that all three of the listed occupations exist in the national economy, and are easily found in the region of Nebraska, Iowa, Missouri, and Kansas (Tr. 26).  The ALJ found that Huskey's own testimony, insofar as it was offered to establish Huskey's own disability, was not credible in light of the evaluating criteria set forth under 20 CFR § 404.1529, 40 CFR §  416.929, Social Security Ruling 96-7p, and *Polaski v. Heckler*, 739  F.2d 1320 (8th Cir. 1984) (Tr. 27).  Consequently, the ALJ concluded that Huskey is not "disabled," as that term is defined under the Act.

## STANDARD OF REVIEW

In reviewing a decision to deny disability benefits, a district court does not reweigh evidence or the credibility of witnesses or revisit issues *de novo*.  *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995); *Harris v. Shalala,* 45 F.3d 1190, 1193 (8th Cir. 1995).  Rather, the

7

district court's role under 42 U.S.C. § 405(g) is limited to determining whether substantial evidence in the record as a whole supports the Commissioner's decision and, if so, to affirming that decision.  *Harris,* 45 F.3d at 1193.

"Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision."  *Holmstrom v. Massanari,* 270 F.3d 715, 720 (8th Cir. 2001).  The Court must consider evidence that both detracts from, as well as supports, the Commissioner's decision.  *Id.*; *Morse v. Shalala,* 16 F.3d 865, 870 (8th Cir. 1994).  As long as substantial evidence supports the Commissioner's decision, that decision may not be reversed merely because substantial evidence would also support a different conclusion or because a district court would decide the case differently. *McKinney v. Apfel,* 228 F.3d 860, 863 (8th Cir. 2000);  *Harris,* 45 F.3d at 1193.

"If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart,* 421 F.3d 785, 789 (8th Cir. 2005) (citing *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001)).

## STATEMENT OF THE ISSUES

The issues are whether the final decision of the Commissioner is consistent with the Social Security Act, policy and regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole.  In particular, Huskey presents two areas of concern.  First, Huskey argues that the ALJ did not properly evaluate Dr. Sherwin's medical findings under the "treating physician" standard because the ALJ failed to accept Dr. Sherwin's medical opinions as "controlling" and failed

to accord his medical opinions "substantial weight."  Additionally, Huskey contends that the ALJ did not properly evaluate the opinions of Dr. Sherwin's Physician Assistant, Diane Schumaker, when determining Huskey's qualification for benefits under the Act.

## ANALYSIS

### "Disability" Defined

An individual is considered to be disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A.)  The physical or mental impairment must be of such severity that the claimant is "not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A). If the claimant argues that she has multiple impairments, the Act requires the Commissioner to "consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity."  42 U.S.C. § 423(d)(2)(B).

### Sequential Evaluation and Residual Functional Capacity

In determining disability, the Act follows a sequential evaluation process.  *See* 20 C.F.R. § 416.920.  In engaging in the five-step process, the ALJ considers whether: 1) the claimant is gainfully employed; 2) the claimant has a severe mental or physical impairment; 3) the impairments, singly or combined, meet the criteria of the "listings"; 4) the impairment prevents the claimant from performing past relevant work; and 5) the

9

impairment necessarily prevents the claimant from doing any other work. *Id.* If a claimant cannot meet the criteria at any step in the evaluation, the process ends and the determination is one of no disability. *Id.*

In this case, the ALJ determined that Huskey has not had any substantial gainful work activity since the onset of Huskey's claimed disability, in January of 1990 (Tr. 27). The ALJ concluded that Huskey's "medically determinable impairments, either singly or collectively, have not revealed the same or equivalent attendant medical findings as are recited in Appendix 1 to Subpart P of the Social Security Administration's Regulations No. 4." (Tr. 27). If a claimant has a severe physical or mental impairment that does not meet the listing, the Commissioner will then assess residual functional capacity ("RFC"). 20 C.F.R. § 404.1520a(d)(3). RFC is defined as what the claimant "can still do despite his or her 'physical or mental limitations.'" *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004)(quoting 20 C.F.R. §§ 404.1545(a), 416.945(a)). RFC is an assessment based on all "relevant evidence," including observations by treating or examining physicians or psychologists, family, and friends; medical records; and the claimant's own description of her limitations. *See Pearsall v. Massanari,* 274 F.3d 1211, 1217-18 (8th Cir. 2001); 20 C.F.R. §§ 404.1545(a)-(c), 416.945(a)-(c).

**Treating Physician's Opinion**

The ALJ properly dismissed Dr. Sherwin's medical opinion in the ALJ's determination that Huskey does not qualify as "disabled" under the Act. While it is true that a "claimant's residual functional capacity is a medical question," *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000), the ultimate determination of whether a claimant can "sustain

gainful employment is a question for the Commissioner," and not the treating physician. *Van Vickle* v. *Astrue*, --- F.3d ----, 2008 WL 3863347, at \*8 (8th Cir. Aug. 21, 2008). "[T]reating physicians' opinions are not medical opinions that should be credited when they simply state that a claimant can not be gainfully employed, because they are merely opinions on the application of the statute, a task assigned solely to the discretion of the [ ]Commissioner[ ]." *Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir. 2004)(internal quotations omitted).   Thus while Dr. Sherwin did offer his medical opinion that Huskey cannot work more than 3 hours for 0-3 days a week (Tr. 547-553), this opinion is not "controlling" and the ALJ does not have to afford the opinion "substantial weight;" the determination of whether or not Huskey can be gainfully employed is "a task assigned solely to the discretion of the Commissioner." *Stormo*, 377 F.3d at 806.

Furthermore, while the ALJ must take the medical opinion of a treating physician into consideration in determining the "disability" of a claimant, the ALJ may dismiss that physician's opinion when the "treating physician renders inconsistent opinions that undermine the credibility of [his] opinions" as a whole.  *Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir. 2000).   This is because the ALJ "bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence," *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000).  In the present case, the ALJ concluded that the doctor's RFC opinion not only contradicted Dr. Sherwin's other medical opinions, but it also contradicted the evidence in the record as a whole (Tr. 26).  In noting the discrepancies between the doctor's "check form" indicating Huskey cannot work and his progress notes documenting Huskey's "significant improvement" on her medications (Tr. 26), the ALJ "sufficiently identified the inconsistencies between the opinions . . . and the

other evidence in the case which permitted h[er] not giving controlling weight to [the

doctor's] opinions." *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004).

The Court of Appeals for the Eighth Circuit has held that it is within the ALJ's

discretion to dismiss a treating physician's medical opinion that a claimant's mental illness

prevents the claimant from working when that physician's own records establish that the

claimant's "medications effectively controlled the symptoms of h[er] mental illness with

minimal side effects." *Id.*  In this case, the ALJ reviewed the record and found that while

Dr. Sherwin's medical records do indicate that Huskey suffers from "temporary increase[s]

in her depressive symptoms, medication adjustments [have been] successful." (Tr. 26).

The ALJ found that Dr. Sherwin's notes indicate that Huskey is "able to understand,

remember and carry out simple job instructions and maintain personal appearance and

would have fair ability to follow work rules, relate appropriately to co-workers, interact with

supervisors and understand, remember and carry out detailed instructions." (Tr. 26).

Thus, the ALJ did not err in dismissing Dr. Sherwin's medical opinion that Huskey

cannot sustain gainful employment, and consequently, the ALJ did not err in determining

that Huskey does not qualify as "disabled" under the Act.

**Other Medical Opinions**

The ALJ properly dismissed Diane Schumaker's opinion that Huskey cannot sustain

gainful employment because the ALJ found that her opinion was inconsistent with the

record as a whole.  Because Diane Schumaker is a physician's assistant and not a treating

physician, her opinion is entitled to less weight. *See* 20 C.F.R. § 416.927(d)(listing the 6

factors the ALJ must evaluate before taking a non-treating physician's medical opinion into

consideration).  If an ALJ reviews the record and determines that a non-treating physician's medical opinion is inconsistent with the record, the ALJ may properly dismiss the opinion. *See* 20 C.F.R. § 416.927(d)(6).  In this case, the ALJ reviewed the record and found that Diane Schumaker's opinions that Huskey can perform gainful employment are inconsistent with the record as a whole (Tr. 26).  Consequently, the ALJ did not err in dismissing Diane Schumaker's opinions.

## CONCLUSION

For the reasons discussed, the Court concludes that the Commissioner's determination that the Plaintiff is not disabled is supported by substantial evidence on the record as a whole and is affirmed.

IT IS ORDERED that the decision of the Commissioner is affirmed, the appeal is denied, and judgment in favor of the Defendant will be entered in a separate document.

DATED this 4th day of September, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge